LEWIS, J.,
concurring.
I agree with the adoption of these rules, but I continue to have multiple concerns. First, we must be vigilant to make certain that qualified postconviction counsel is both available and engaged in this process as the system moves forward. The process must be effectively monitored for the proper functioning of the process guided by counsel.
Second, the entire judicial system seems somewhat uncertain with regard to court reporting because within the last few years, we have attempted to manipulate the type of court reporting among different approaches. From time to time, it seems, types and models of court reporting move to and from favor to disfavor. Employee models, independent contractor models, digital, computerized, real-time and otherwise seem to flow into , and out of favor. We must have a solid court reporting system to support a level of comfort with the entire criminal justice process.
Finally, I continue to believe that we can only overcome unconscionable and unacceptable systemic delays that undermine justice if we begin the discussion and analysis as to the proper roles of the respective State Attorney offices for the direct trial proceedings, and the Attorney General offices for postconviction collateral review proceedings. As in civil litigation, we have clearly understood and placed the burden of moving cases forward to justice on the shoulders of the party prosecuting the action so there must be some proper responsibility on the shoulders of the State in this area as the party ultimately responsible for prosecution of the underlying action.